# EXHIBIT A

**288th District Court**

# Case Summary

**Case No. 2021CI16423**

| | |
|---|---|
| **Latoya Clark VS RealPage Inc** | §   Location |
| | §   **288th District Court** |
| | §   Judicial Officer |
| | §   **288th, District Court** |
| | §   Filed on |
| | §   **08/12/2021** |

---

## Case Information

Case Type:   OTHER CIVIL CASES

Case Status:   **08/12/2021   Pending**

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2021CI16423 |
| Court | 288th District Court |
| Date Assigned | 08/12/2021 |
| Judicial Officer | 288th, District Court |

---

## Party Information

*Lead Attorneys*

| **Plaintiff** | **Clark, Latoya** | **SANCHEZ-ADAMS, CARLA LETICIA** |
|---|---|---|
| | | *Retained* |
| **Defendant** | **RealPage Inc** | |

---

## Events and Orders of the Court

08/12/2021     New Cases Filed (OCA)

08/12/2021     STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS

08/12/2021     PETITION

09/01/2021     **Citation**
               RealPage Inc
               Unserved

FILED
8/12/2021 4:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

## 2021CI16423

CAUSE NO. _____

| | | |
|---|---|---|
| LATOYA CLARK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | Bexar County - 288th District Court |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| REALPAGE, INC., | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, LATOYA CLARK, files this original petition against Defendant, RealPage Inc., and alleges as follows:

### DISCOVERY-CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 as Plaintiff seeks monetary relief exceeding $250,000.

### CLAIM FOR RELIEF

2.     This suit requests monetary relief plus attorney fees and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA")

### PARTIES

3.     Plaintiff, Latoya Clark ("Plaintiff"), is an individual consumer residing in Bexar County, Texas.

4.     Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.     Defendant, RealPage Inc., ("RealPage" or "Defendant") is a foreign corporation organized and existing under the laws of Delaware, whose principal office is located at 2201 Lakeside Boulevard, Richardson, TX 75082. Defendant is authorized to do business in Texas and

may be served with process by serving its registered agent for service of process C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6.      Defendant is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(c), because it regularly engages in the practice of assembling and/or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties for monetary fees. Defendant uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION

7.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8.      The Court has personal jurisdiction over Defendant, a nonresident, because Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas by establishing its principal place of business in Richardson, Texas, as well as providing services to Texas residents. Defendant transacts or has transacted business in this district and throughout the United States.

## VENUE

9.      Venue is proper in Bexar County under Texas Civil Practice & Remedies Code Section 15.002 because all or a substantial part of the events or omissions giving rise to the claims occurred in Bexar County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## FACTUAL ALLEGATIONS

### Introduction and Overview- the Fair Credit Reporting Act

10.     The Fair Credit Reporting Act's purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* S. Rep. No. 91-139 (1970); *Hearings on H.R. 16340, Before the Subcomm. on Consumer Affairs of the H. Comm. on Banking and Currency*, 91st Cong. (1970); Dea, FTC Informal Staff Opinion Letter (May 1, 1974) (purpose of Act to "protect privacy of consumers from unrestricted dissemination of information about them by third parties in the business of compiling and selling reports," and to ensure accuracy of reported information).

11.     The FCRA regulates the activities of consumer reporting agencies ("CRAs"), the users of consumer reports ("users"), and those who furnish information to CRAs ("furnishers"). The FCRA also grants consumers certain rights pertaining to access and accuracy of their consumer reports and provides remedies to consumers affected by such reports.

12.     The FCRA covers more than just credit reporting. It regulates all consumer reports, including the tenant screening report RealPage assembled and prepared regarding Ms. Clark.

13.     Tenant screening reports are "consumer reports," and providers of tenant screening reports, like RealPage, are CRAs. 15 U.S.C. §§ 1681a(d) and (f).

14.     The FCRA imposes duties on CRAs, like RealPage, to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

15.     Under the FCRA, CRAs such as RealPage must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

16.     RealPage is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

17.     RealPage falsely reported to Ms. Clark's potential landlord, Cielo Apartments, that Ms. Clark was evicted from Pecan Valley Golf Club Apartments ("Pecan Valley Apartments") on December 17, 2019.

18.     In fact, Ms. Clark was never evicted from Pecan Valley Apartments. On September 4, 2020, the Bexar County Justice of the Peace, Precinct 4, Place 1, entered an agreed judgment setting aside the alleged eviction/default judgment and dismissing Pecan Valley Apartment's claims with prejudice.

19.     RealPage's inaccurate reporting cost Ms. Clark the ability to rent the property of her choice that was suitably accommodating of her needs, causing her injury in the form of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

**RealPage's Inaccurate Tenant Screening Report**

20.     In January 2021, Ms. Clark sought to rent an apartment in San Antonio, Texas.

21.     In looking for an apartment, Ms. Clark sought a dwelling that would meet the needs of her and her family. Ms. Clark found such an apartment, a 2-bedroom, 2-bathroom unit, at the Cielo Apartments located at 10631 Nachodoches Road, San Antonio, TX 78217.

22.     On or about January 2, 2021, Ms. Clark submitted a rental application with Cielo Apartments. Ms. Clark also submitted a $365.00 payment, which constituted payment for fees, the cost of the tenant screening report, as well as a floorplan deposit.

23.     Cielo Apartments contracted with RealPage to provide tenant screening reports on prospective tenants, which are then used to determine whether a prospective tenant is eligible to rent an apartment unit. These tenant screening reports are consumer reports.

24.     On or about January 7, 2021, Cielo Apartments obtained a consumer report regarding Ms. Clark from RealPage, which it calls a "Screening Report" ("the Report"). This report included a compilation of Ms. Clark's credit report, a criminal record report, and eviction report.

25.     The Report is a consumer report regulated by the FCRA.

26.     On January 7, 2021, Ms. Clark received an e-mail from RealPage regarding her application status at Cielo Apartments.

27.     In the January 7th e-mail, RealPage informed Ms. Clark that her application had been denied due, in part, to "rental history unsatisfactory or insufficient".

28.     Ms. Clark suspected the Report contained incorrect information with respect to her previous dispute with Pecan Valley Apartments.

29.     On January 11, 2021, Ms. Clark initiated a dispute with RealPage and requested a copy of her Report.

30.     Under the "Suits & Judgments for Evictions, Possession and/or Non-Payment of Rent" portion of the Report, RealPage showed a "Possession Only Judgment for Plaintiff" and provided the Case Number for the eviction proceeding initiated by Pecan Valley Apartments ("the civil record").

31.     Prior to publishing the inaccurate civil record, RealPage failed to consult widely

available current public records in Bexar County, Texas, which confirm that the eviction proceeding was dismissed with prejudice pursuant to an Agreed Judgment entered by a Bexar County Justice of the Peace over three months prior to the date RealPage assembled the Report. Had RealPage consulted or obtained the widely available underlying court records regarding the civil record, it would have seen the Agreed Judgment entered in conjunction with the referenced case number and would have discovered that the civil record had been set aside and dismissed with prejudice and that, therefore, reporting the status of the civil record as "Possession Only Judgment for Plaintiff" was inaccurate.

32.     The sole reason the inaccurate civil record appeared on the Report was that RealPage failed to use reasonable procedures to assure the maximum possible accuracy of the information contained within Ms. Clark's Report. Had RealPage used reasonable procedures, it would have discovered that the inaccurate, stigmatizing civil record contained within Ms. Clark's Report had been set aside and dismissed with prejudice.

33.     Ms. Clark was humiliated that her potential landlord now thought she was previously evicted, especially considering the lengths she had gone to  have the civil record set aside and dismissed.

34.     Additionally, Ms. Clark and her daughters were distressed about their housing situation in light of the Covid-19 pandemic.

35.     As a direct result of Cielo Apartment's denial of her rental application, Ms. Clark and her family were forced to stay in hotels and with friends and relatives. They did not have a reasonably safe place to isolate and social distance as recommended throughout the pandemic.

36.     On January 12, 2021, Ms. Clark received e-mail correspondence from RealPage, which stated, among other things, as follows:

LeasingDesk Screening has investigated your dispute and has notified the sources of the disputed information. Our investigation is now complete. The investigation performed by LeasingDesk Screening **revealed that the disputed information is inaccurate, incomplete, or cannot be verified.** [. . .]

Here is a summary of the results of our investigation:

**The eviction filings and judgments section of the report provided to Cielo apartment community on 01/02/2021 was derived from public records from Bexar County Justice of the Peace Court 4. Based upon our investigation, we have determined that the information in the report should be updated to show that Case# 41E1905516 was Dismissed.**

(emphasis in original).

37.      But for RealPage's false Report, Ms. Clark's rental application would have been accepted and she would have been allowed to move into Cielo Apartments.

38.      RealPage does not use reasonable procedures to assure maximal accuracy. Instead of implementing procedures to ensure that the public records it reports are up-to-date and accurately reflect the current status of the record(s), RealPage merely collects information from third party vendors, which it blindly accepts and repackages and sells as its rental screening products.

39.      Despite knowing that its procedures are unreasonable and do not assure the maximal accuracy required by the FCRA, RealPage persists in utilizing said procedures in reckless or knowing disregard for the rights of consumers, causing the very type of damages suffered by Ms. Clark.

40.      The injuries suffered by Ms. Clark as a direct result of RealPage's erroneous reporting are the type of injuries that the FCRA was enacted to address. At common law, RealPage's conduct would have given rise to causes of action based on defamation and invasion of privacy.

41.     As a direct result of RealPage's conduct, Ms. Clark has suffered these injuries resulting in damages, including the inability to rent the unit she desired when she desired to rent it; the expenditure of time and money looking for another rental unit; the expenditure of time and money trying to correct her report; financial loss; damage to her reputation; physical injury as a result of emotional distress; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

## CAUSE OF ACTION

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

42.     Plaintiff incorporates paragraphs 1-41, above, in this cause of action.

43.     Defendant RealPage violated 15 U.S.C. § 1681e(b) by preparing a consumer report relating to Ms. Clark without following reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Clark.

44.     Defendant RealPage willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

45.     In the alternative, Defendant RealPage negligently violated 15 U.S.C. § 1681e(b), which entitles Ms. Clark to a recovery under 15 U.S.C. § 1681o.

46.     Pursuant to 15 U.S.C. § 1681o and § 1681n, Ms. Clark is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURY DEMAND

47.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition by filing an affidavit of inability to pay court costs as permitted by Tex. R. Civ. Pro. 217.

## CONDITIONS PRECEDENT

48.     All conditions precedent necessary to maintain this action have been performed or have occurred.

## PRAYER FOR RELIEF

49.     WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.   The above referenced relief requested;

b.   Actual damages under the Fair Credit Reporting Act;

c.   Punitive damages under the Fair Credit Reporting Act;

d.   Attorney's fees and costs of court;

e.   Prejudgment and post-judgment interest as allowed by law; and

f.   General relief and all other relief, in law and in equity, to which Latoya Clark may be entitled.


Respectfully submitted,

**TEXAS RIO GRANDE LEGAL AID, INC.**

*/s/ Carla L. Sánchez-Adams*
Carla Leticia Sánchez-Adams
Texas Bar No. 24070552
4920 N. IH 35
Austin, Texas 78751
Tel. (512) 374-2763
Fax. (512) 447-3940
csanchez@trla.org